UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD SELVIS JEFFERSON,

      Plaintiff,

 -against-

UNITED STATES OF AMERICA,

      Defendant.
------------------------------------------------------------X
DEARIE, District Judge.

**MEMORANDUM & ORDER**

05 CV 3830 (RJD) (LB)

  Plaintiff, a federal prisoner, brought this action for damages and injunctive relief, raising claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., the Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 794, for injuries and inadequate medical care during his incarceration at the Metropolitan Detention Center in Brooklyn, New York ("MDC") from May 11, 2004, to June 30, 2004. In addition, plaintiff brought claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the warden, a unit counselor, a unit manager, a secretary, a doctor and numerous physician's assistants at MDC for their deliberate indifference to his medical needs, including their failure to adequately treat his various medical conditions and accommodate his physical disabilities.

  By Memorandum and Order dated September 30, 2009, this Court granted defendants' motion for summary judgment on all of plaintiff's Bivens claims. In addition, plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act were dismissed. Plaintiff's FTCA claims were also dismissed except for his claims relating to two falls and the alleged confiscation of his back brace at MDC.

Defendant now moves for summary judgment on the remaining FTCA claims. As detailed in defendant's letter dated December 21, 2010, defendant attempted to serve plaintiff at two addresses, both of which plaintiff had provided to the Court. Each time, however, defendant's motion papers were returned unclaimed. To date, plaintiff has not filed anything further.

For the reasons set forth in defendant's brief and below, the motion is granted and the complaint is dismissed in its entirety.

## BACKGROUND

This Court's Memorandum and Order dated September 30, 2009, fully sets forth the background of this case. Briefly, plaintiff's claims pursuant to the FTCA arise out of two incidents at MDC: (1) on June 4, 2004, plaintiff fell from a bench in a handicapped shower stall, and (2) on June 29, 2004, while walking with crutches, he slipped and fell on a wet floor. In addition, plaintiff claims to have been denied the use of his required back brace from the time he arrived at MDC.

Plaintiff filed a SF-95 administrative tort claim form with the Bureau of Prisons ("BOP") with respect to each of the two falls. In the first, dated June 13, 2004, plaintiff claimed that while he was sitting on the handicapped shower bench, it crashed to the floor resulting in injuries to his back, neck and right leg. In addition, he contends that before his fall, he twice advised counselors and once advised the warden that the handicapped shower was broken and that he needed a back brace and sneakers to avoid being injured. He also claims that he notified two counselors and the warden that he needed a back brace to avoid injury prior to the accident. In

addition, he indicates on the form that, upon his request, his brace was returned by a member of the medical staff after the accident.

In the second SF-95, dated August 7, 2004, plaintiff claimed that he repeatedly slipped and then fell on a recently mopped floor in the case manager's office, injuring his head, right arm and his entire right side. He also claimed that after he fell, a member of the medical staff kicked him in the leg and demanded that he get up. Plaintiff noted that there was no caution sign warning of the wet floor.

As previously detailed by this Court, plaintiff's medical records indicate that he was evaluated ten minutes after his first fall for his complaints of lower back pain. He was able to get up from the shower floor and into a chair in order to change. Upon examination, no deformity of plaintiff's spine was noted. He was prescribed 800 mg of ibuprofen every six hours and capsaicin ointment to be applied twice a day. After his second fall, plaintiff was evaluated within three hours. Right elbow bruising and tenderness were noted, but there was no swelling or crepitus. Plaintiff's back had no swelling and his spine curvature was normal. A straight leg test was performed. He was prescribed a cold compress for his elbow and 600 mg ibuprofen for pain. An x-ray was ordered, but plaintiff left MDC before it was performed.

There is nothing in the medical record to support plaintiff's claim that he was denied the use of a necessary back brace.

During plaintiff's deposition on May 3, 2007, he admitted:

> I think that the pains that I have now, honestly, are more stable to my chronic care. I'm on chronic care. You know, I'm not feeling the excruciating pain that I felt, you know, the day that I fell in the shower and months after that, you know. But I'm still feeling pains. So honestly, I believe that those pains are attributed to my

> old injuries that I already had. Okay. Now, whether or not those
> pains from the fall contributes to that, I can't honestly say.

(Ex. 11 to Stahl. Decl. at 101-02.)

## DISCUSSION

Summary judgment "is warranted when, after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact." Sledge v. Kooi, 564 F.3d 105, 108 (2d Cir. 2009) (citing Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50, 255 (1986)). The party opposing summary judgment must "set out specific facts showing a genuine issue for trial," and "may not rely merely on allegations or denials in its own pleading." Fed.R.Civ.P. 56(e). Nevertheless, "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted).

Under the FTCA, a plaintiff can recover money damages for injury to person or property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Liability determinations are governed by state law where the cause of action occurred. See 28 U.S.C. § 2674. To establish negligence in New York, a plaintiff must show (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty, and (3) injury that was proximately caused by that breach. Torres v. United States,

4

2010 WL 5422547, *3 (S.D.N.Y. 2010) (citing Solomon v. New York City, 66 N.Y.2d 1026, 1027 (1985)); see also Shields v. United States, 2010 WL 2803399, *1 (N.D.N.Y. 2010) (citing Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000)).

Defendant's motion for summary judgment must be granted. Construing the evidence in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, there is no genuine issue regarding the adequacy of the care plaintiff received, as this Court preciously determined, or the extent of his injuries. There is no evidence to support plaintiff's claim that he denied the use of a required back brace, nor is there evidence to support his claims of more than de minimus injury from either fall. There is, therefore, no need to consider whether plaintiff's falls were the result of any negligence on the part of defendant. See Shields, 2010 WL 2803399, at *9. By plaintiff's own admission, his current medical issues are attributable to prior unrelated injuries.

Nevertheless, plaintiff seeks $500,000 in damages for the first fall, and $5,000,000 for the second fall. Where a plaintiff's injuries are de minimis, however, "he is not entitled to compensation for pain and suffering." Homen v. United States, 2002 WL 844347, *7 (S.D.N.Y. 2002) (citing Galaz v. Sobel & Kraus, Inc., 721 N.Y.S.2d 623, 624 (App. Div. 2001)); see also Shields, 2010 WL 2803399, at *1 (citing Homen and Galaz). Considering plaintiff's outsized demand, together with this Court's determination that plaintiff was not deprived of adequate medical care and its observation that the evidence in the record demonstrates a longstanding pattern of malingering, his claims are plainly frivolous. Accordingly, this Court has the authority to dismiss the complaint, filed *in forma pauperis*, under 28 U.S.C. § 1915(e)(2)(B) ("the court shall dismiss the case at any time if the court determines that ... the action or appeal ...

is frivolous or malicious [or] fails to state a claim on which relief may be granted."); see also Homen, 2002 WL 844347, at *7-8 (FTCA claim for $10,000,000 for three-centimeter abrasion to the head requiring minor first aid dismissed as frivolous).

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted, and the complaint is dismissed in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July __, 2011

s/ Judge Raymond J. Dearie

───────────────────────
RAYMOND J. DEARIE
United States District Judge